IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,160-01






EX PARTE ALEJANDRO PEREZ MATA, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER 2003-CR-1057-C IN THE 197TH

DISTRICT COURT CAMERON COUNTY 



 


 Per curiam.


O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to injury to a child and was sentenced to a term of twenty years
in prison. Applicant appealed the conviction, but it was dismissed for want of jurisdiction
in an unpublished memorandum opinion. Mata v. State, No. 13-05-149-CR (Tex.
App.--Corpus Christi Delivered April 7, 2005).

 In this application for a writ of habeas corpus, Applicant contends that he was denied
his right to appeal due to ineffective assistance of counsel. The trial court ordered affidavits
to be filed by Applicant's attorneys addressing the claim, but there are no affidavits in the
record. It is this Court's opinion that these affidavits are necessary before this Court may
render a decision.

 Because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
these issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure, in that it shall obtain the affidavits from trial counsel, as ordered, and supplement
the record with them. Alternatively, the trial court may order depositions, interrogatories,
or hold a hearing. In the appropriate case, the trial court may also rely on its personal
recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent, and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Article
26.04 of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the
hearing. 

 Following the receipt of additional information, the trial court shall determine whether
Applicant was denied effective assistance of counsel and was denied an appeal. The trial
court shall also make any further findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's application for habeas corpus relief.

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. (2)




DELIVERED: March 29, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.